ORIGINAL
DEF
c/m

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
TIMOTHY RUSSELL,

        Petitioner,

-against-

THE CITY OF NEW YORK; POLICE
DEPARTMENT CITY OF NEW YORK;
RAYMOND W. KELLY, as the Police
Commissioner, Police Department City of New
York; individually and in his official capacity;
NELDRA M. ZEIGLER, NYPD Deputy
Commissioner Office of Equal Employment
Opportunity; DR. ELI J. KLEINMAN,
Supervising Chief Surgeon, NYPD Medical
Division; KEVIN HOLLORAN, Deputy
Inspector, Commanding Officer, NYPD
Medical Division; DR. ARNOLD GOLDMAN,
Surgeon, NYPD Medical Division; DR.
AURTHOR KNOUR, Director, NYPD
Psychological Services Unit; DR. JACQUELINE
FARRIS, NYPD Psychological Services Unit,
each individually and in their official Capacity
as employees of the Police Department City of
New York,

        Defendants.
-----------------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. CV-05-0948(FB)(RML)

*Appearances:*
*For the Plaintiff:*
SUSAN P. BERNSTEIN, ESQ.
2001 Marcus Avenue
Lake Success, NY 11042

*For the Defendants:*
MICHAEL A. CARDOZO, ESQ.
Corporation Counsel of the
City of New York
By: JOSHUA FAY, Of Counsel
100 Church Street, Rm. 2-141
New York, NY 10007-2601

1

**BLOCK, Senior District Judge:**

Plaintiff Timothy Russell ("Russell"), who suffers from paranoid schizophrenia, filed suit against the City of New York, the New York City Police Department ("NYPD"), and various individual defendants employed by the NYPD (collectively, "defendants"). Russell's complaint alleges that the NYPD's decision to retire Russell and its refusal to accommodate his disability by permitting him to work in a non-patrol position for the NYPD violated Title I of the Americans with Disabilities Act ("ADA") and the Rehabilitation Act.[1] Russell also (1) alleges that defendants' actions deprived him of his due process and equal protection rights in violation of 42 U.S.C. § 1983; (2) alleges that defendants conspired to deprive him of his rights under the First, Fourth, Fifth, Ninth, and Fourteenth Amendments in violation of 42 U.S.C. § 1985; and (3) asserts several pendent state law claims.

Defendants moved for judgment on the pleadings, arguing that (1) Russell does not suffer from a disability covered by the ADA or Rehabilitation Act, and (2) Russell is not a "qualified" individual with a disability because he cannot perform the essential functions of a full-duty police officer. Defendants argue that Russell's claims under §§ 1983 and 1985 should also be dismissed because they are supported only by conclusory allegations and fail to give notice of the basic facts or events upon which the claims are grounded. Oral argument on the motion was held on July 31, 2006, during which the Court

---

[1] Although the "corrected amended complaint" references Title V of the ADA, plaintiff's counsel represented at oral argument that Russell is no longer pursuing that claim.

denied, or Russell agreed to dismiss, all federal claims except his ADA and Rehabilitation Act claims. For the reasons stated in open court, and as further explained herein, the motion for judgment on the pleadings with respect to the remaining federal and state law claims is denied.

### I.

According to the allegations contained in Russell's complaint, which are taken as true for purposes of a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), Russell, a police lieutenant who was employed by the NYPD from 1992 to 2005, began to exhibit symptoms of schizophrenia in August 2002. In December 2002 Russell was hospitalized for two weeks, during which time he began taking an antipsychotic medication that improved his condition and allowed him to return to work. Russell was placed on restricted duty following his return to work, pursuant to which his firearms were removed and he was assigned to administrative positions; he functioned successfully in this capacity.

In September 2003 Russell was examined by an NYPD psychologist, who recommended that Russell be retired on psychological grounds; the psychologist noted that while Russell's symptoms had been controlled by the medication, there were no plans to discontinue that medication, and the possibility that a psychotic episode might recur, however remote, rendered Russell "unable to perform the functions of Full Duty police work." Answer Ex. A at 2. Russell's subsequent request for a reasonable accommodation to allow him to perform work as an officer that did not require him to engage in enforcement activities or carry a firearm was denied on the ground that Russell could not

3

perform the essential functions of a police officer.

## II.

To establish a disability claim under the ADA a plaintiff must show that (1) her employer is subject to the ADA; (2) she suffers from a disability; (3) she is otherwise qualified to perform the essential functions of the position, with or without reasonable accommodation; and (4) she suffered an adverse employment action. *See Reeves v. Sanderson Plumbing Prods. Inc.*, 530 U.S. 133, 142-43 (2000). "Apart from the Rehabilitation Act's limitation to denials of benefits 'solely' by reason of disability and its reach of only federally funded – as opposed to 'public' entities – the reach and requirements of [the ADA and Rehabilitation Act] are precisely the same." *Weixel v. Bd. of Educ. of City of New York*, 287 F.3d 138, 146 n.6 (2d Cir. 2002). Under both statutes, a "disabled" individual is one who "(i) has a physical or mental impairment which substantially limits one or more of such person's major life activities, (ii) has a record of such impairment, or (iii) is regarded as having such an impairment." 29 U.S.C. § 705(20)(B); 42 U.S.C. § 12102(2). To establish such a disability, a plaintiff must (1) show that he suffers from a physical or mental impairment; (2) identify the activity claimed to be impaired and establish that it constitutes a "major life activity"; and (3) demonstrate that the impairment "substantially limits" the major life activity previously identified. *See Colwell v. Suffolk County Police Dep't*, 158 F.3d 635, 641 (2d Cir. 1998); *see also Toyota Motor Mfg. v. Williams*, 534 U.S. 184 (2002).

Although Russell's complaint fails to identify the life activity which he alleges is substantially limited and which therefore renders him disabled within the meaning of the ADA and Rehabilitation Act, Russell's opposition to the present motion explains that

4

his rational thought processes and clarity of perception of reality have been compromised. The parties agreed at oral argument that Russell's complaint would be deemed amended to include this allegation; as such it satisfies the requirement that Russell allege the limitation of a major life activity. *See Taylor v. Phoenixville School Dist.*, 184 F.3d 296, 307 (3d Cir. 1999) (denying summary judgment where there remained a genuine issue as to whether plaintiff was substantially limited in her ability to think).

Defendants argue that Russell's amended complaint nonetheless fails to state a claim because his schizophrenia has been corrected through medication and he is therefore not disabled. Although Russell's alleged disability must be evaluated in conjunction with any corrective devices or medication used to treat his impairment, *see Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 488-89 (1999) (holding that applicants for airline pilot jobs whose near-sightedness was fully corrected to 20/20 with the use of contact lenses were not substantially limited in any life activity), Russell's complaint does not allege that his schizophrenia has been completely corrected, and raises a factual issue regarding whether he suffers from a disability even while medicated. *See Sutton*, 527 U.S. at 488 (noting that "individuals who take medicine to lessen the symptoms of an impairment so that they can function [may] nevertheless remain substantially limited"). Furthermore, even if the evidence were to show that Russell's disability has been completely corrected through medication, Russell's amended complaint also alleges that he was "regarded" by defendants as limited in his ability to think rationally, and is therefore sufficient to state a claim under both the ADA and Rehabilitation Act. *See* 29 U.S.C. § 705(20)(B); 42 U.S.C. § 12102(2).

Finally, although defendants assert that Russell cannot demonstrate that he is a "qualified" individual with a disability because he cannot carry a firearm, which is an essential function of the job of NYPD police officer, this is a factual issue that cannot be resolved on a motion for judgment on the pleadings. Russell has alleged that the NYPD has accommodated other individuals who are disabled by transferring them to non-patrol positions. This allegation, which must be accepted as true for purposes of the present motion, raises a genuine question as to whether there are non-patrol police officer positions available in the NYPD to which Russell could be transferred. If as a matter of practice the NYPD employs police officers in permanent non-patrol positions, this would refute defendants' assertion that patrol or firearm duty is an essential function of the job. *See Stone v. City of Mt. Vernon*, 118 F.3d 92, 94, 99-100 (2d Cir. 1997) (reversing district court's grant of summary judgment because partially paralyzed firefighter had produced evidence that some firefighters were assigned to bureaus that did not require the ability to actively fight fires, such as the Fire Alarm and Fire Prevention Bureaus, and that the Fire Department had an established policy of assigning both temporarily or permanently disabled employees who were unable to perform regular "fire fighting" duties to such "light duty" positions).

## III.

Plaintiff's § 1983, § 1985, and Title V claims are dismissed. Defendants' motion for judgment on the pleadings with respect to plaintiff's claims under the ADA, Rehabilitation Act, and state law is denied.

**SO ORDERED.**

FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
August 1, 2006